KNOWLTON *v.* THE TOWN OF GUTTENBERG.

Where a plaintiff's petition alleged, that he was the owner of eleven-sixteenth of the steam ferry boat Eagle; that one J. falsely representing that he was the owner of said boat, without the knowledge or consent of plaintiff, agreed with the defendant for the hire of said boat, to run a ferry between the town of Guttenberg and the opposite

shore of the Mississippi river, for the term of sixty days, at the rate of eight dollars per day; that plaintiff appeared before the authorities of the town of Guttenberg, and represented to them that the said J. was not the owner of the whole of said boat; that plaintiff was the owner of eleven-sixteenths thereof; that said J. was not authorized to contract for the hiring of said boat to defendant; that he at the same time, announced to the authorities of said town, his intention to institute the necessary legal proceedings, to compel the recognition and enforcement of his rights; that thereupon it was agreed between the plaintiff and defendant, that the boat should continue to run as a ferry boat, under the contract of hiring aforesaid, for the stipulated time; that the defendant should retain in its possession, without paying the same over, eleven-sixteenths of the amount due from defendant, under the agreement for the hire and use of said boat, until it should be settled, by legal proceedings or otherwise, who were the legal owners of the boat, or until the dispute about the title of said boat should be settled and determined; that the boat, in pursuance of said arrangement, continued in the service of defendant as a ferry boat, according to the original agreement, and for the stipulated time; that there became due from the defendant, thereby, for the use of the said boat, (deducting expenses), the sum of three hundred dollars, of which amount the sum of two hundred and six dollars and twenty-five cents is due and owing to plaintiff, and was to be retained by said defendant until the question of the title and ownership of plaintiff in and to eleven-sixteenths of said boat was settled; that he is the true and legal owner of eleven-sixteenths of said boat; that the said sum of $206.25, is justly due him from the said defendant, for the cause aforesaid; and that he has demanded payment, which payment defendant has refused—to which petition a demurrer was sustained; *Held*, 1. That the petition should have alleged, that it had been ascertained by legal proceedings or otherwise, who were the true owners of said boat, and that the dispute about the title of said boat had been settled; 2. That a direct promise to pay by the defendant, should have been alleged.

*Appeal from the Clayton District Court.*

WEDNESDAY, DECEMBER 23.

This is an action to recover for the use and hire of a steamboat. The plaintiff states his cause of action in substance, as follows: That he was the owner of eleven-sixteenths of the steam ferry boat, Eagle; that one Jackman, by Hawthorn, his agent, falsely representing that he

Knowlton v. The Town of Guttenberg.

was the owner of said ferry boat, without the knowledge or consent of plaintiff, agreed with defendant for the hire of said boat, to run a ferry between the town of Guttenberg, and the opposite shore of the Mississippi river, for the term of sixty days, at the rate of eight dollars per day; that plaintiff appeared before the authorities of the town of Guttenberg, and represented to them that the said Jackman, was not the owner of the whole of said ferry boat, but that plaintiff was the owner of eleven-sixteenths thereof, as aforesaid; that said Jackman was not authorized to contract for the hiring of said boat to the said defendant; that he at the same time, announced to the authorities of said town, his intention to institute the necessary legal proceedings to compel the recognition and enforcement of his rights in the premises; that it was thereupon agreed between the plaintiff and defendant, that the boat should continue to run as a ferry boat, under the contract of hiring aforesaid, for the stipulated time, and that the defendant, the town of Guttenberg, should retain in its possession, without paying the same over, eleven-sixteenths of the amount due from defendant, under the agreement for the hire, and use of said ferry boat until it should be settled, by legal proceedings or otherwise, who were the legal owners of the boat, or until the dispute about the title of said boat should be settled and determined. And the plaintiff avers, that the boat, in pursuance of said arrangement, continued in the service of defendant as a ferry boat, according to the original agreement, and for the stipulated time; that there became due from the defendant thereby, for the use of the said boat, (deducting expenses), the sum of three hundred dollars of which amount, the sum of two hundred and six dollars, and twenty-five cents, is due and owing to plaintiff, and was to be retained by said defendant, until the question of the title and ownership of plaintiff, in and to eleven-sixteenths of said boat, was settled; that he is the true and legal owner of eleven-sixteenths of said boat, and the said sum of two hundred and

six dollars and twenty-five cents, is justly due him from the said defendant, for the cause aforesaid; and that he has demanded payment, which payment, defendant has refused to make; wherefore, he brings his suit, and asks judgment for the said amount.

To this petition the defendant demurred, for the reason, that it is not alleged therein that it had been ascertained by legal proceedings, or otherwise, who were the true owners of said boat, or entitled to be paid by defendant for the hire and use of the same, nor that the dispute about the title of said boat had been settled. This demurrer was sustained, and the judgment of the court sustaining the demurrer, is the only error assigned.

*Elijah Odell*, for the appellant.

*J. O. Crosby*, for the appellee.

STOCKTON, J.—1. The demurrer was properly sustained. The petition is fatally defective. It contains no averment that the dispute about the title of the boat, had been settled, or that it had, in any manner, been ascertained who was legally entitled to the eleventh-sixteenths of the price to be paid by defendant, for the use of the boat, which it was agreed that defendant should retain until the dispute was settled.

2. It is not averred that defendant promised to pay to plaintiff the amount claimed, when the owners of the boat should be ascertained, and without such promise, plaintiff cannot maintain this action for the recovery of eleven-sixteenths of the contract price, upon an alleged legal liability of defendant to pay the same. Defendant had agreed to pay Jackman for the hire of the boat. Payment to Jackman would have been a discharge of the obligation. The plaintiff, even if his right and title to eleven-sixteenths of the boat had been ascertained and determined, could not, by bringing a separate suit for the amount he was entitled to receive, parcel out the indebtedness of defendant into as many liabilities as there were owners of the boat. A

direct promise to pay should have been averred and proved, to enable plaintiff to recover.

Judgment affirmed.