[No. 3431.]

EMPIRE RANCH & CATTLE CO. v. GIBSON.

1. TRUST DEED—*Substitution of Trustee—Recitals in Deed of Substitution.* When a deed of trust of lands provides for the appointment of a substitute to the trustee, and that the recitals

of the trustee's deed, upon sale made pursuant to the powers contained in the trust deed, shall be *prima facie* evidence of the truth of the matters recited, evidence *aliunde* is not required to support a deed by a substitute trustee, even as against one who claims title from a different source.

2. TAX TITLES—*Void Deed.* A treasurer's deed of lands sold for taxes, showing upon its face that the lands were offered upon only one day, and were on that day struck off to the county, is void.

3. LIMITATIONS—*Color of Title.* A tax deed becomes color of title only when recorded.

4. —— *Taxes Paid After Action Brought,* are of no avail to support a plea of the seven years statute of limitation.

5. PROCESS—*Constructive Service of Summons,* founded upon an affidavit which fails to comply with the statute is without effect. *Lougee v. Beeney, ante,* followed.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant

Mr. JOHN F. MAIL, for appellee.

HURLBUT, J.

Action by appellee (plaintiff below) against appellant (defendant), under § 265, Mills' Annotated Code, to recover possession of lands in Washington county. Complaint is in usual form. The answer denies plaintiff's title, and pleads title and possession in defendant, also the seven-year statute of limitations applicable to vacant and unoccupied land (§ 2924, Mills' Annotated Statutes). Supplemental answer was filed July 1st, 1908, after suit commenced, alleging that defendant had paid the taxes on the lands for the year 1907, after suit brought. Replication was filed, putting in issue all matters alleged in the answer. Judgment for plaintiff, from which defendant appeals.

At the trial plaintiff dismissed his action as to the southwest quarter of section three, described in the complaint. The proofs show that title to the disputed premises was vested in plaintiff, one of the muniments of which was a trustee's deed admitted in evidence over defendant's objection. This deed was based upon a previously executed trust deed which provided for appointment of a successor in trust, by the legal holder of the note, in the event of the refusal or inability of the original trustee to act, such successor to be appointed by writing duly executed and acknowledged by the legal holder of the note. Under this provision a substitution of trustees was made in accordance with its terms. The note itself was not produced in evidence, nor were the facts alleged in said substitution proven or attempted to be proven by any evidence or testimony other than the writing itself. Appellant contends that, inasmuch as it claims title to the premises from an entirely different source than that of appellee (which we do not decide), the recitals in the trustee's deed are not binding upon it, contending that the facts therein recited must be proven by competent testimony *aliunde* in order to establish plaintiff's title to the premises. This contention cannot be upheld. The trust deed contained a provision to the effect that the recitals in the trustee's deed, if thereafter made, should be *prima facie* evidence of the facts therein stated and the same were directed to be taken and accepted as such. It has been held by the former court of appeals, *Carico v. Kling,* 11 Colo. C. A. 349, as well as this court, that in such case, no evidence aside from the deed and its recitals is necessary to be produced in order to

show *prima facie* title in the party claiming there-
under. The case of *The Empire Ranch & Cattle Co.
v. Mary E. Stratton,* handed down at this term of
this court, has so decided, and Judge Cunningham,
speaking for the court, therein fully discussed
this identical question, supporting the conclusions
reached by citation of various authorities.

After plaintiff had rested his case, defendant,
in support of its title, offered in evidence a number
of treasurer's deeds, certified copies of proceedings
of county commissioners of Washington county re-
specting the lands in issue, and various petitions to,
and tax certificates issued by, the board of county
commissioners of Washington county, to all of which
plaintiff objected. The court sustained such objec-
tions, except as to the tax deeds being offered as
color of title only, and documents showing amount
of taxes paid.

One of the objections made by plaintiff to each
of the treasurer's deeds was that it was void on its
face, for the reason "that it showed that the land
was never offered for sale except on the 31st day
of October, 1896, and was stricken off to the county
on that day, it being the first, last and only time it
was ever offered at the sale".

On examining the record in case No. 3406, *The
Empire Ranch & Cattle Co. v. Lardner Howell,* de-
cided by this court June 10th, 1912, we discover that
the identical deed here considered was there before
the court for consideration, and the court, speaking
through Judge Cunningham, held the tax deed to
be void on its face, which holding involved the de-
termination of the same question here raised by ap-
pellant. We therefore hold under the authority of

that case that the deeds before us are void on their face.

Appellant also insists that the year 1900 should be included in the term of seven successive years respecting the payment of taxes on vacant and unoccupied land under color of title. It appears from the record that its tax deed was recorded February 20, 1901, and that the defendant thereafter paid all the taxes on the land until the time suit was commenced. Under the decisions of our supreme court, the date the deed was recorded fixes the time the defendant acquired color of title, and whether the term of seven years begins to run from the recording of the deed or from the time of the first payment of taxes is immaterial in this case, for whichever theory be adopted the full term of seven successive years had not expired when this action was begun, hence the plea of the statute of limitations invoked was not sustained by the proofs. *Empire Ranch & Cattle Co. v. Lardner Howell,* decided at this term of the court (No. 3411).

Defendant also showed at the trial, under supplemental answer, that in 1908, after the action had commenced, it paid the taxes for the year 1907, and contends for a construction of the statute authorizing this to be done, regardless of the time suit is begun. We think this position is untenable. The authorities are almost a unit to the effect that the beginning of an action arrests the running of the statute of limitations against the subject matter of the suit. *Lougee v. Beeney,* decided at this term of the court; *Converse v. Dunn,* 166 Ill. 25.

The last point to be noticed is that concerning alleged errors predicated upon the refusal of the

trial court to admit in evidence two decrees of the county court of the city and county of Denver, each of which purported to quiet title to the lands in issue in appellant as against Charles A. Stillman and others, said Stillman appearing of record as the *cestui que* trust in a certain trust deed executed by Allen Monroe, the original patentee of the land, the title of said Allen Monroe having subsequently vested in appellee by virtue of the trustee's deed hereinbefore mentioned. In *Lougee v. Beeney, supra,* the court passed upon the validity of a county court decree of Washington county based upon constructive service, in which the errors discussed and passed on were in all respects similar to those urged concerning the two decrees here under consideration. The court in that case held the decree to be void for want of jurisdiction. Under the authority of that case the two decrees before us were void for want of jurisdiction in the county court to render them. What has been heretofore said disposes of this appeal.

The judgment is affirmed.

*Affirmed.*

Decided July 8, A. D. 1912. Rehearing denied October 14, A. D. 1912.