No. 12,181.

KREPS *v.* WEBSTER, SHERIFF.

Decided May 6, 1929.

Mr. GEORGE M. CORLETT, for plaintiff in error.

Mr. HERBERT W. MARTIN, for defendant in error.

*Department Two.*

MR. JUSTICE MOORE delivered the opinion of the court.

JUDGMENT was rendered against plaintiff in error, a defaulting bidder at a sheriff's sale on execution, for $900, being the difference between his bid and the amount realized at a subsequent sale. Defendant sought to avoid liability, claiming that the sale was void because the execution debtor had no title to the property, and he had been mistaken concerning the character of the sale. Plaintiff contends that caveat emptor applied and liability ensued.

On the issue of mistake, the testimony was conflicting and the court found thereon for the plaintiff. Such a finding cannot be reviewed, even assuming that it is here properly presented; therefore, the sole question presented for our determination is, Does the doctrine of caveat emptor apply to a purchaser at an execution sale when the debtor has no title to the property sold? We answer in the affirmative.

*Copeland v. Bank,* 13 Colo. App. 489, 491, 59 Pac. 70: "At an execution sale, the proceedings in connection with which have been regular and valid, the purchaser takes whatever title or interest the execution defendant may have; and it is of the defects in that title that he assumes the risk. If the defendant has good title, the purchaser gets it; if a partial title, he gets that; or, if no title, he gets nothing: but he takes his chances on the title the defendant has, and if that proves worthless, he is without remedy. It behooves him to acquaint himself with the

title before purchasing; and his complaint afterwards that it was unsatisfactory, will not be heeded. The foregoing is as full a statement of the doctrine of caveat emptor as the case before us renders necessary. *Rodgers v. Smith,* 2 Ind. 526; *Holtzinger v. Edwards,* 5 Ia. 383; *Bassett v. Lockard,* 60 Ill. 164; *Boggs v. Hargrave,* 16 Cal. 560.''

The doctrine therein laid down was approved in *Ohio and Colorado Co. v. Barr,* 58 Colo. 116, 131, 133, 134, 144 Pac. 552. After reciting the foregoing, the opinion continues:

''Since, with us, any interest in real property, no matter what, is subject to execution, there is no rule of law or morals which prevents an execution creditor from levying upon and selling any property or interest therein which he even suspects an execution debtor may have. It is a well settled rule that to such sales the rule caveat emptor applies. 24 Cyc. 57.

\* \* \*

''As already indicated, an execution creditor is entitled to sell any pretended right or interest of a judgment debtor in any property. If it turns out that he had no right or interest, nothing passes.

\* \* \*

''The duty is upon the purchaser to be diligent in inquiry and ascertain what the facts are respecting such interest or title. There is not the slightest showing in this case that appellant made any inquiry whatever, or exercised the slightest diligence, to learn the facts.''

It is true that in each of the foregoing cases the execution debtor had some title. and the recitations therein contained applying to cases where no title is shown are obiter dicta.

However, the general rule is that, in the absence of mistake or fraud, caveat emptor applies also to cases where the debtor has no title. 23 C. J., p. 654, § 623.

''The rule of caveat emptor applies to purchasers at execution sales. The purchaser cannot set up as a de-

fense defects in the debtor's title, or the absence of any title in the debtor, or the existence of encumbrances, or a deficiency in quantity of the land, or, in the absence of artifice or fraud, that the price bid is more than the property is worth.''

In *Dickson v. McCartney*, 226 Pa. 552, 555, 75 Atl. 735, 736:

''It is well settled that a bidder at a sheriff's sale cannot refuse to pay his bid and take the property, on the ground that the sale will convey no title. In the late case of *Pepper v. Deakyne*, 212 Pa. 181 (61 Atl. 805, 807), Chief Justice Mitchell said (p. 185): 'A defaulting bidder is liable for the loss occasioned by his failure to comply with the terms of the sale, and it is equally well settled that the measure of damages is the difference of price on a resale fairly conducted upon terms not less advantageous to the purchaser than the first.' In *Smith v. Painter*, 5 S. & R. 223 (9 Am. Dec. 344), Justice Duncan said (p. 225): 'The sale by sheriff excludes all warranty. The purchaser takes all risk. He buys on his own knowledge and judgment. Caveat emptor applies in all its force to him. If this were not the law, an execution, which is the end of the law, would only be the commencement of a new controversy; the creditor kept at bay during a series of suits, before he could reap the fruits of his judgment and execution.' In *Wells v. Van Dyke*, 106 Pa. 111, Justice Paxson said (p. 115): 'It is no answer to say that the plaintiff bought a worthless title. That is begging the question. The execution issued upon the bond was a valid execution against the husband, and the sale thereunder passed any title there may have been in him.

\* \* \*

''It may be that the enforcement of the rule which requires a bidder to make good his bid at a sheriff's sale, will work hardship upon the defendants in this case. But if so, they have themselves to blame. They admit that between the time when they made the bid and the date

of the resale, they learned the facts relating to the title, which caused them to reject it; yet they made no application to the court for relief. If they were misled or deceived, or had any good reason why they should not have been required to make payment of the purchase money, their remedy was to apply to the proper court to have the sale set aside."

Accordingly the judgment must be affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.