No. 12,178.

REAGAN *v.* DICK.

(293 Pac. 333)

Decided October 14, 1930.   Rehearing denied November 24, 1930.

Messrs. MOYNIHAN, HUGHES & KNOUS, for plaintiff in error.

Mr. CLIFFORD H. STONE, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

CARRIE P. Dick, defendant in error, hereinafter referred to as plaintiff, brought an action in ejectment in the district court to recover possession of the North Star Mill Site, U. S. Survey No. 847-B, in the Tomichi Mining District, county of Gunnison, state of Colorado, which she claimed to own, and the possession of which she alleged to be unlawfully withheld by John C. Reagan, plaintiff in error, hereinafter referred to as defendant. Upon the trial, the court found for the plaintiff; dispensed with the motion for a new trial, and rendered judgment for the plaintiff. The defendant duly excepted to the judgment, to review which this writ is prosecuted, and, in determining the cause, we shall consider only such errors as relate to the title and right of possession of the plaintiff.

The record discloses that in 1883, the United States of America issued its patent to the Galena Gulch Mining and Smelting Company for the North Star Mill Site, and, by stipulation of counsel, it is admitted that in 1884, the town of North Star was regularly incorporated. The court found, and the evidence fully justified this finding, that included within the territorial limits of the town of North Star was a part of the North Star Mill Site, and particularly, that the property herein involved was a part and portion so included.

After the incorporation of the town of North Star, the record owner of the North Star Mill Site, who remained the owner of that portion of the mill site included within the territorial limits of the town of North Star, by deed duly executed, properly acknowledged, and thereafter duly recorded in the office of the county clerk and recorder of Gunnison county, conveyed certain lots to various parties, who, so far as the evidence discloses, still continue to be the record owners thereof. These lots so conveyed are the subject matter of this action.

In 1909, the owner of the North Star Mill Site neglected to pay the taxes assessed thereon, and, at the sale

for delinquent taxes, the treasurer struck this property off to the county of Gunnison, and issued a tax sale certificate therefor to the county. On November 4, 1913, by resolution of the board of county commissioners of Gunnison county, the tax sale certificate was assigned to R. J. Pitkin, who, on July 16, 1914, received a treasurer's deed therefor. On November 30, 1914, R. J. Pitkin, by quitclaim deed, conveyed the North Star Mill Site to the plaintiff herein, and the quitclaim deed was thereafter duly recorded.

In 1912, the North Star Mill Site, together with other property, was sold to satisfy an unpaid judgment obtained against the owner thereof; the purchaser at the execution sale assigned his certificate of purchase to the plaintiff herein, who, on May 5, 1913, received a sheriff's deed to the property described in the certificate of purchase, which deed was subsequently recorded.

The title acquired by virtue of the two deeds, and possession thereunder, constitute the basis of plaintiff's action in ejectment. In presenting their arguments in support of their various positions, counsel dwell at great length upon the question of the validity of the treasurer's and sheriff's deeds and possession thereunder. This argument is in point, if the descriptions used in the deeds mentioned are sufficient to convey title to the entire North Star Mill Site, without separating therefrom that portion thereof regularly incorporated within the town of North Star; otherwise we are not concerned with the validity of the deeds. The description used in the treasurer's and sheriff's deeds was substantially: The North Star Mill Site, U. S. Survey No. 847-B, in the Tomichi Mining District, county of Gunnison, state of Colorado. The record discloses that at the time of the issuance of these deeds, the property in controversy was still within the territorial limits of the town of North Star, as no legal steps were ever taken to disincorporate the town; and also the fact that no deeds were ever recorded reconveying the town lots to the owner of that part or por-

tion of the North Star Mill Site which still remained outside the corporate limits of the town.

So far as the sheriff's deed is concerned, it passed title to plaintiff to such property or interest therein as was owned or held by the judgment debtor at the time of the levy of the execution, and subsequent sale thereunder. If the judgment debtor had good title, the execution creditor obtained it, and if the judgment debtor possessed no title or interest, the execution creditor could acquire none. *Copeland v. Colo. Bank,* 13 Colo. App. 489, 491, 59 Pac. 70; *Irwin v. Beggs,* 24 Colo. App. 158, 163, 132 Pac. 385; *Ohio & Colo. Co. v. Barr,* 58 Colo. 116, 131, 144 Pac. 552; *Kreps v. Webster,* 85 Colo. 572, 573, 277 Pac. 471.

Possession, if claimed under the sheriff's deed, was to such property only as therein described belonging to the judgment debtor; therefore, there could be no possession, under the sheriff's deed, to the property in controversy here.

Under the provisions of section 7227, C. L. 1921, which became effective long prior to 1909, every owner of town lots is required to report the same to the assessor, and is specifically required to name "the town or city in which the same are situate, and the proper description thereof, by number of lot and block or otherwise, according to the system of numbering or description in such town or city. Mining claims shall be listed by the name of the lode or placer, and the mining district; where any such mining claim has been entered in the land office of the United States the survey number shall also be set down." So far as the record discloses, the owner of the town lots, the title to which is here involved, did not make the return provided in section 7227, supra.

Under the provisions of section 7257, C. L. 1921, which section was effective long prior to 1909, where the owner failed to return for taxation the real estate owned by him, the assessor shall assess the same, and "no one description shall comprise more than one town or city

lot \* \* \*." The same section of the statute also provides that property may be assessed as "owners unknown" where "the name of the owner is unknown to the assessor, and whose name cannot, with reasonable diligence, be ascertained."

In the instant case, no assessment valuation was placed upon the town lots in controversy, although the record discloses that some years prior to 1909, one or more of the lots had been properly assessed, and, upon failure to pay the tax when due, and after a lapse of some years, a treasurer's deed was issued therefor, and subsequently recorded. The plat was recorded; the deeds from the original owner and patentee were of record, and no reason or excuse given for irregularity in assessing the lots properly. The assessor cannot be excused when his failure to follow the statutes is due entirely to his own carelessness, for he, with others, is charged with knowledge of the facts disclosed by the record in his county.

In order that the assessor's duty be beyond peradventure of a doubt, and that there be no misunderstanding with reference to the same, section 7316, C. L. 1921, provides that every tract of land, and each town and city lot, shall be valued and assessed separately, except where one or more adjoining tracts or lots are returned by the same person.

From a consideration of the sections of the statute referred to herein, and a reading of the general revenue laws of the state, it is apparent that town or city lots must be assessed in accordance with the provisions of the statutes before title shall pass by treasurer's deed to the same, and unless properly assessed, no valid sale thereof can be made by the treasurer.

When the owner of the North Star Mill Site platted a portion of the same, and it thereafter became a part and parcel of the town of North Star, and within its corporate limits, it definitely and forever lost its identity as a part of the mill site, and thereafter assumed

another character for tax purposes. The description used in the treasurer's deed conveys to plaintiff title to that portion only which remained a part and parcel of the original mill site, separate and apart from that portion included within the town, and did not affect the title to the town lots. From what has been said it is apparent that the sheriff's and treasurer's deeds did not operate to pass title to the town lots in question, and the trial court was wrong in so holding.

The judgment is reversed, with directions to the trial court to vacate the judgment heretofore entered herein, and in lieu thereof, enter a judgment dismissing the action at the plaintiff's costs. Each party to bear his costs in this court.

MR. JUSTICE CAMPBELL not participating.