No. 16,072.

Rose *v.* Roso et al.
(204 P. [2d] 1075)

Decided March 28, 1949.

Mr. Max D. Melville, Mr. William W. McNeill, Mr. Edward E. Pringle, for plaintiff in error.

Mr. Ralph E. Crandell, Mr. George J. Stemmler, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error was plaintiff in the trial court, defendants in error were defendants and interveners, and reference to them herein will be so made.

Plaintiff, alleging ownership by warranty deed and that he had been in possession since March 24, 1934, filed his complaint to quiet title to lots seven (7) and eight (8) block fifty-two, Viaduct Addition to Denver, State of Colorado. James Rose and Nikolina Rose and all unknown parties who may claim an interest in the subject matter were named as defendants. The interveners are children of James Rose and Nikolina Rose, and brothers and sisters of plaintiff.

James Rose acquired title to lot seven in 1908. He died intestate in 1925 and no administration was had on his estate. His survivors were Nikolina Rose his wife, and five children, namely, the plaintiff and the interveners.

Nikolina Rose, the wife of James Rose, and the mother of plaintiff and the interveners, died in 1934. However, shortly before her death she conveyed lots seven and eight block fifty-two, Viaduct Addition, by warranty deed to Louis A. Rose, the plaintiff. The authenticity of this deed is not questioned and is Exhibit A in the record. The blank spaces in the printed deed were filled in on a typewriter but there is a handwritten notation, "This deed is intended as a gift." For the purposes of this case, we give no further attention to the notation just mentioned because the record discloses that is was put in the deed by the scrivener at the time of filing the deed for record and for the purpose of clearing up the question about documentary stamps, and the notation was not. made or authorized by any of the parties to the deed.

As can be readily observed, Nikolina Rose had only a one-half interest in lot seven and, therefore, could convey no greater interest than she had. It is shown by the evidence that plaintiff, as an heir of James Rose, was entitled to a one-tenth interest and after the death of Nikolina Rose, the wife and mother, plaintiff was, for a number of years, in limited possession prior to the filing of his suit and that taxes were paid or caused to

be paid by him during this period and upon the claim that he was in actual possession, under claim and color of title made in good faith and had continued in such possession for seven successive years and had paid the taxes during that period. He asks that he be held and adjudged to be the legal owner of said lands by virtue of section 143, chapter 40, '35 C.S.A., although he did not plead this statute which is a statute of limitations; neither did he set it up in his answer to interveners' petition.

Clarification requires a brief statement of the condensed facts. It appears that Nikolina Rose remarried to one Richard Conzone and, disparing of her health from a lingering illness, she expressed a concern about her minor children; that she did not want Conzone to share in the property and, quoting plaintiff's testimony, "She decided she did want something done with the property so that the children would be protected." She called upon the plaintiff, her eldest son, and arrangements were made for the deed "Exhibit A" and plaintiff, the grantee, was to look after the boys, who were the youngest children, and pay taxes and funeral expenses. Shortly thereafter she died and her husband, Conzone, moved out and plaintiff moved in and generally looked after the two youngest children. It appears that there was friction among the older children and plaintiff and some efforts made to compose their differences. However, these efforts failed and plaintiff asserted full ownership to the entire lot, claiming the consideration for the deed given him by his mother was that he was to take care of the two boys and other matters, and it is not disputed that he did so.

The trial court, in a well reasoned finding, found plaintiff to be the owner of lot eight (about which there is no dispute here) and the owner of a six-tenths interest in lot seven, and the other four-tenths were found to belong to the four interveners as owners of a one-tenth interest each in lot seven and the improvements.

■ Counsel for defendant in error contends that plaintiff waived his right to claim title under the provisions of the statute of limitations because he did not specially plead the statute either by complaint, answer to interveners' petition or by motion. We do not recognize this as a meritorious contention in the present case because it is apparent from the testimony, the exhibits and from the finding of the court, that that issue was tried by implied consent, because the record is otherwise silent. Such procedure is permitted by Rule 15 (b) of the Rules of Civil Procedure and in such cases the issues will "be treated in all respects, as if they had been in the pleadings."

■ The entire record considered, there can be no doubt about the relationship of plaintiff and defendants as being that of cotenants. There is still no further doubt of the rule, that possession of one cotenant is possession of all, and that in actions of this nature, exacting evidence in the proof of adverse possession is necessary, carrying with it the requirement that every element to constitute such adverse possession must be clearly shown. Here, there was no claim by the tenant claiming sole possession that the right to possession by these cotenants was brought to the knowledge of the cotenants, but instead the evidence does show that the cotenants or interveners and defendants believed all the while that they had interest in the property and rights to possession, and in this, were encouraged by plaintiff.

For these reasons, the finding of the trial court to the effect that the plaintiff did not have color of title sufficient to divest the interveners of their interest under the statute was right and should be sustained.

In accordance with the views herein expressed, the judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE STONE concur.