No. 17,022.

HED *v.* PULLARA.
(261 P. [2d] 509)

Decided September 8, 1953. Rehearing denied October 5, 1953.

Messrs. CHRISTIANO & BUGDANOWITZ, Mr. ARTHUR M. SCHWARTZ, for plaintiff in error.

Messrs. SEAVY & SEAVY, for defendant in error.

MR. JUSTICE MOORE delivered the opinion of the court.

THE parties hereto appear in this court in the same order as in the trial court, and we will hereinafter refer to them as plaintiff and defendant.

In plaintiff's complaint he alleged that at all times from June 13, 1947, to May 13, 1950, he and defendant were owners as tenants in common of certain real estate and personal property in the City of Pueblo; that during this period of time defendant, claiming to be the sole owner of said real and personal property, " * * * ousted plaintiff from said property, using the main floor to operate his restaurant, tavern and popcorn business for his own exclusive use and benefit, and renting the second floor to various persons, from time to time for use as sleeping rooms, thereby preventing plaintiff from making any use or realizing any profit whatever of his undivided one-half interest in and to said property"; and that prior to the commencement of the action plaintiff made written demand on defendant for the payment to him of one-half the rents collected by defendant and for one-half the reasonable value of the use and occupation of the main floor of said building.

Defendant, in his answer, admitted co-ownership of the real estate and personal property, and admitted that

during the time mentioned he had used same; but denied any ouster of plaintiff. He alleged that the matters set forth in the complaint were res judicata because of a former case between the same parties in the same court. (*Pullara v. Hed,* 121 Colo. 234, 215 P. [2d] 321.)

A jury was selected to try the issues. At the conclusion of the evidence offered by plaintiff, counsel for defendant moved the court for dismissal of the action for the reason that, "Testimony offered in behalf of plaintiff's case fails to establish the allegations of the complaint." The trial court did not pass upon the motion at the time it was made, but reserved ruling thereon until the introduction of evidence on behalf of defendant. Counsel for defendant offered the record in the case previously tried, together with a transcript of the testimony of plaintiff Hed, and then rested, and renewed his motion for dismissal. In passing upon this motion the trial court said: "There is a motion before the court to dismiss because no ouster has been shown and unless there is an ouster, this action cannot be maintained. The motion to dismiss is sustained upon the ground that no ouster has been shown * * *." Thereupon counsel for defendant requested the court to direct the jury to return a verdict in favor of defendant, which request was granted and such verdict entered. Judgment of dismissal followed, to review which, plaintiff brings the cause here by writ of error.

It is undisputed in the evidence that on June 13, 1947, plaintiff brought a partition suit against defendant, the purpose of which was to establish his ownership of an undivided one-half interest in the real estate and personal property, and to secure an accounting of rents and profits which theretofore had been collected by defendant (the parties became co-owners of the property in December, 1940). In the trial of that case defendant contended the plaintiff's interest was a security interest only, and that the inclusion of his name as grantee in the deed was intended as a mortgage to secure the repay-

ment of monies advanced by him for the purchase of the property. The trial court in that action entered judgment in favor of plaintiff, and decreed that he was, and at all times since December, 1940, had been, the owner of an undivided one-half interest in said real estate. Plaintiff's claim for a share of rents was disallowed. On writ of error to this court the judgment of the trial court was affirmed. *Pullara v. Hed, supra.* No cross specification of points was presented in that case directed to the refusal of the trial court to award a money judgment in favor of plaintiff as his share of rents and profits.

Although a different period of time is covered in the present claim for a share of rents, it is contended by counsel for defendant that the status of the parties continued substantially the same following the filing of the first complaint, and that since plaintiff was denied a share in rents and profits for the time prior to the first litigation, he cannot recover for a subsequent period of time under the same relationship. In order to avoid a sale of said property in the partition proceedings, defendant, on May 13, 1950, purchased plaintiff's interest in and to the real and personal property and paid therefor the sum of $7,500.00. In the instant action he seeks to recover an undivided one-half interest in the rents admittedly collected by defendant, and one-half the reasonable rental value of the portion of the property occupied by defendant covering the period of time between the filing of the former partition suit and the sale of the property by plaintiff to defendant.

Questions to be Determined.

First: *Assuming that, under the law in this jurisdiction, an ouster of plaintiff must be established as a condition precedent to recovery, did the trial court err in holding that plaintiff had failed to show by the evidence that he had been ousted from the premises owned by him and defendant as tenants in common?*

This question is answered in the affirmative. We direct attention to the fact that the defendant failed to

introduce evidence tending to contradict plaintiff's testimony. Plaintiff testified that on April 20, 1947, he and defendant "had an argument on rents, what I should get, and he said I didn't own a thing in the place, that I didn't own anything in the place or the building, and that is when I obtained an attorney." He further testified that, prior to the institution of the partition suit, defendant "wouldn't let me have the use of it because he claimed I didn't have anything in it and that he owned the building and all of the fixtures which I bought."

It is admitted that defendant occupied the ground floor of the building, in which he operated a business exclusively for his own benefit, and that he rented out rooms on the second floor, received all rent therefrom and reported that income in his individual income tax returns. Following the conversation of April 20, 1947, plaintiff filed his partition suit, to which reference hereinabove has been made. Defendant filed his answer in that action August 28, 1947, in which he alleged in substance that plaintiff's interest in said property was that of a mortgagee; that it was a security interest only and created a lien for the repayment of $965.15 originally supplied by plaintiff in the acquisition of the property. While in his answer in the instant case defendant admits the cotenancy, the admission was forced upon him against his will by the judgment entered in the partition suit.

■■ We recognize the general rule stated in volume 14 American Jurisprudence, at page 166, section 102, as follows: "Until an actual ouster is shown, the law presumes that the possession of one co-owner is the possession of all * * *." We quote the following definition from volume 62 C.J., page 426: "An ouster, in the law of tenancy in common, is the wrongful dispossession or exclusion by one tenant in common of his cotenant or cotenants from the common property of which they are entitled to possession." In 62 C.J., page 430, we find the

following: "There is an ouster if the tenant's entry into exclusive possession of the premises is accompanied by a claim of right, or by acts tantamount thereto, even though with the mistaken belief in his separate ownership, and the adverse character of the possession is actually known to the other cotenants, or is so open and notorious in its hostility and exclusiveness as to put them on notice, or if it is followed by the tenant's receipt of rents, incomes, and profits, without accounting for any part thereof, or any demand upon him so to do, under circumstances evidencing his intention to claim sole ownership, or by payments of taxes for so long a period as to raise a presumption of ouster, or by sale, assuming to transfer the exclusive right to the property, or if the nature of the property is such as to make exclusive possession of it inconsistent with recognition of a cotenancy and the tenant is in exclusive possession under claim of right."

The following pertinent language is found in volume 14 American Jurisprudence at page 167, section 103: "In accordance with recognized rules noticed in another article, it is well settled that as a general proposition the plaintiff carries the burden of proof. Thus, when one cotenant seeks to recover a share of the profits made by an associate who has been in exclusive possession of the common property, he must show the reasonable value of its use and occupation. If there has been an ouster, he must prove that fact unless the circumstances of the case or the allegations of his opponent's pleading are such as to make proof unnecessary. So, where the defendant in his answer claims the entire property in his own right as sole owner thereof, the plaintiff is under no obligation to show an ouster."

█ Plaintiff alleged in his complaint that he had been ousted from the premises, and the theory upon which the case was tried, and upon which the trial court entered judgment, was that an ouster was an essential element of plaintiff's right to recover. In the briefs

presented to this court, plaintiff's counsel contends that an ouster was established by the evidence, and that, under the law of this state, it is unnecessary to establish an ouster as a condition precedent to plaintiff's action to recover from the defendant who received more than his just share of the rents and profits arising from the use of the common property. There is considerable diversity of opinion in the authorities as to whether an ouster must be established in such a case. A statement of the conflict of opinion, with citations of authorities, appears in 62 C.J. at page 507. In the case of *Morton v. Laesch,* 52 Colo. 541, 125 Pac. 498, our court seemed to indicate that the law in Colorado is to the effect that a cotenant has a right to maintain an action for an accounting where his cotenant has received more than his proportionate share of the rents and profits, even though no ouster of the plaintiff has been established. Under the circumstances of the present case, however, we are not called upon to pass upon this question, since we are satisfied that the evidence of plaintiff, which was not contradicted, was sufficient to establish an ouster as a matter of law. Whether we apply the doctrine announced in *Morton v. Laesch, supra,* or uphold the rule of some jurisdictions which requires a showing of an ouster, the result in the instant case is the same.

■ Second: *Is the judgment which was entered in the partition suit res judicata as to plaintiff's claim for a share in the rents and profits which allegedly accrued subsequent to the filing of said action and prior to the purchase of plaintiff's interest?*

This question is answered in the negative. While the foregoing question was not considered by the trial court, it is argued by counsel for each party, and they agree, that in the interest of a more speedy final disposition of the action we should pass upon it. Suffice it to say in this connection that the partition suit served only to settle "the law of the case," to be applied as the evidence in the instant case might warrant. It is apparent that

an entirely different period of time is involved in this case than that which was under consideration in the partition suit. The conduct of defendant toward the interest asserted by plaintiff, during and immediately prior to the period of time here involved, would have little if any bearing on the partition suit. The period of time involved in that action ended when that covered by the instant case began. If in fact the evidence which was pertinent and relevant to the relationship between the cotenants was the same in all respects, then the "law of the case" as determined by the first case would become applicable to the second controversy. Consistency would then require a judgment in harmony with the previous adjudication. There is a vast difference between such a situation and one which gives rise to the application of the doctrine of res judicata; accordingly we hold that the partition suit was not res judicata concerning the issues presented by the record in the instant case.

For the reasons hereinabove set forth the judgment must be reversed. The question arises as to whether the mandate should be for the entry of judgment for which plaintiff prayed. He presented his case and rested. His evidence established that defendant collected $3,489.00 in rent during the time involved. He established also that the reasonable rental value of the first floor of the building was $150.00 per month. One-half the value of benefits thus received by defendant equals $4,369.50, and it is contended by counsel for plaintiff that our court should direct entry of judgment in that amount, together with interest and costs. Counsel for defendant advance no argument on this point. Their brief is devoted entirely to argument for affirmance of the judgment.

We note that defendant was called upon in the trial court to go forward with his defense. He offered no testimony to reduce the amount shown to have been received by him; attempted no setoff of any kind; and proved no monies expended in maintenance, or for any

other purpose, which, in the event the court found him liable to account, might have reduced the amount payable to plaintiff.

Having once had the opportunity to fully establish any setoffs against plaintiff's claim, it must be assumed that defendant had none to present; accordingly, the judgment is reversed and the cause remanded with direction to enter judgment for the plaintiff in the sum of $4,369.50, with interest thereon, and costs.