## No. 18,035.

WILLIAM J. FALLON *v.* DOROTHY J. DAVIDSON, ET AL.

(320 P. [2d] 976)

Decided January 27, 1958.

Mr. LANCE W. NEWBY, for plaintiff in error.

Mr. John S. Schaper, Mr. Robert H. Schaper, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to the parties as they appeared in the trial court where defendants in error were plaintiffs, and plaintiff in error was defendant.

The action is one to determine the ownership of certain land in El Paso County, Colorado. Defendant claims full ownership thereof by reason of the issuance to him of a sheriff's deed on December 14, 1931, and the fact that thereafter he has been "in the actual, visible, distinct, hostile, exclusive, continuous, and uninterrupted possession" of the land in question. He also relies on the fact that under the color of title supplied by said deed he paid the taxes upon the real estate for the year 1930, and thereafter to and including the year 1955.

Plaintiffs filed their complaint more than eighteen years after the sheriff's deed was issued and after defendant allegedly went into "exclusive" possession of the property.

In 1931 title to said land was vested as to ¾ thereof in C. V. James and ¼ thereof in the plaintiffs, who are his wife and children. They assert ownership of a 1/32 interest each in the property as tenants in common with defendant.

Defendant Fallon recovered a judgment against C. V. James in the district court of Boulder county. An execution issued thereon dated January 23, 1931, directed to the sheriff of El Paso county who levied upon the lands in dispute. At the sheriff's sale Fallon became the purchaser and on December 14, 1931, the sheriff's deed was issued to him. This instrument contained inter alia the following statement:

"NOW, THEREFORE, KNOW ALL BY THIS DEED,

That I, Robert M. Jackson, Sheriff of the County of El Paso in the State of Colorado, in consideration of the premises, have granted, bargained, and sold and do hereby convey to the said WILLIAM J. FALLON, his heirs and assigns, the following-described tracts of land, situate, lying and being in the County of El Paso and State of Colorado, to-wit: the east half of Section thirty-four (34), Township eleven (11) South, Range sixty (60) West of the sixth (6th) P.M., El Paso County, Colorado.

"To have and to hold the said described premises, with all the appurtenances thereunto belonging, to the said WILLIAM J. FALLON, his heirs and his assigns, forever."

Nothing appears from the deed to indicate that only the actual ¾ interest of the original judgment debtor was sold.

The trial court adjudged that each of the eight plaintiffs, as tenants in common, was the owner of a 1/32 interest in the land, and that defendant was the owner of a ¾ interest therein. Defendant, seeking reversal of the judgment, brings the cause to this court by writ of error. There is no dispute as to the controlling facts as above set forth.

### Questions to be Determined.

First: *Where title to real estate is held by tenants in common, and one of said tenants becomes a judgment debtor whose interest in the property is sold under execution; and where the sheriff's deed does not describe the fractional interest of the judgment debtor which was sold, but purports to convey the whole; can the grantee in said deed acquire full title by adverse possession as against the original tenants who shared the title with the judgment debtor?*

This question is answered in the negative. In *Reagan v. Dick,* 88 Colo. 122, 293 Pac. 333, this court said:

"So far as the sheriff's deed is concerned, it passed title to plaintiff to such property or interest therein as

was owned or held by the judgment debtor at the time of the levy of the execution, and subsequent sale thereunder. If the judgment debtor had good title, the execution creditor obtained it, and if the judgment debtor possessed no title or interest, the execution creditor could acquire none. *Copeland v. Colo. Bank,* 13 Colo. App. 489, 491, 59 Pac. 70; *Irwin v. Beggs,* 24 Colo. App. 158, 163, 132 Pac. 385; *Ohio & Colo. Co. v. Barr,* 58 Colo. 116, 131, 144 Pac. 552; *Kreps v. Webster,* 85 Colo. 572, 573, 277 Pac. 471.

"Possession, if claimed under the sheriff's deed, was to such property only as therein described belonging to the judgment debtor; therefore, there could no be possession, under the sheriff's deed to the property in controversy here."

The sheriff's deed to Fallon conveyed to him only the ¾ interest in the land which was owned by James at the time of the sale. The grantee in said deed became a tenant in common with plaintiffs. It is well established in Colorado that possession of one co-tenant is possession of all. *Rose v. Roso,* 119 Colo. 473, 204 P. (2d) 1075; *Hed v. Pullara,* 128 Colo. 244, 261 P. (2d) 509. Until an actual ouster of the co-tenants had been established by conduct apart from mere use and occupation of the land by defendant, the statute giving rise to a claim of adverse possession did not begin to run. The trial court committed no error in holding that defendant had not acquired title by adverse possession.

There is a clear distinction between the case at bar and *Dew v. Garner,* 207 Ala. 353, 92 So. 647. In the latter case one of the tenants in common, by voluntary conveyance, purported to convey the entire fee to one Dew a stranger to the title. The Supreme Court of Alabama there approved the following statement:

"There is little, if any, dissent from the proposition that where a co-tenant conveys to a stranger to the title by a conveyance appropriate in form to transfer an estate in severalty, and the grantee enters into exclusive

possession of the property thereunder as a claimant in severalty, this is an ouster of the other co-tenants, of which they must take notice, and which, if sufficiently long continued, bars them of all right to the property."

In the case at bar, however, the judgment debtor did nothing which amounted to an ouster of his co-tenants. He was not a party to the execution and delivery of the sheriff's deed. If C. V. James had voluntarily executed and delivered a deed to Fallon conveying the fee title to the land, even though he owned but ¾ thereof, it might be argued that the statute began to run; at least the fact situation would be comparable to *Dew v. Garner,* supra. However there is a division in authority on this question. In some jurisdictions it is held that a co-tenant deed of the entire fee is not sufficient to oust the other tenants in common. *John L. Roper Lumber Co. v. Richmond Cedar Works,* 165 N.C. 83, 80 S.E. 982. We are not called upon to decide that question here. We direct attention to the conflicting views merely to emphasize that neither rule is applicable to the facts of the case before us. So far as the record in the instant case shows, C. V. James did nothing which was inconsistent with the rights of his co-tenants in permitting the sheriff's deed to issue.

Second: *Is it necessary for one claiming "color of title" based on a sheriff's deed issued following the sale of real estate upon execution, to place his deed of record seven years prior to the time he claims ownership by reason of payment of taxes for that period of time?*

■ This question is answered in the affirmative. Assuming, without so deciding, that a sheriff's deed issued and recorded, following a sale on execution, might be "color of title" concerning an interest in real estate not owned by a judgment debtor, nevertheless the bar of the seven-year statute is not available as a defense in this action. The sheriff's deed, issued December 14, 1931, was not recorded until July 15, 1955. The action was filed by plaintiffs within five months from

the date of the recording of the deed. In this jurisdiction it has been held on a number of occasions that the seven-year statute of limitations does not begin to run until the deed upon which the party in possession relies as being sufficient to give him "color of title" has been placed of record. *Terry v. Gibson,* 23 Colo. App. 273, 128 Pac. 1127; *Empire Ranch & Cattle Co. v. Gibson,* 22 Colo. App. 617, 126 Pac. 1103; *Hughes v. Webster,* 52 Colo. 475, 122 Pac. 789; *Sayre v. Sage,* 47 Colo. 559, 108 Pac. 160.

The judgment is affirmed.