F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID H. CLANCY,

     Plaintiff/Counterclaim-
     Defendant/Appellant,

v.

CHARLES A. MILLER; J. H.
WATERS; DAVID BROWN;
EDWARD CAMERON FLYNN, and
any and all unknown persons who
claim any interest in the subject matter
of this action,

     Defendants/Crossclaim-
     Defendants,

and

UNITED STATES OF AMERICA,

     Defendant/Crossclaim-Plaintiff/
     Counterclaim-Plaintiff/
     Appellee,

and

SECRETARY OF AGRICULTURE;
UNITED STATES FOREST
SERVICE,

     Defendants-Appellees.

No. 04-1333
(D.C. No. 00-MW-2360-(OES))
(D. Colo.)

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

Plaintiff and counterclaim defendant, David H. Clancy, appeals from an order of a United Magistrate Judge[1] granting summary judgment in favor of defendants the United States of America, the Secretary of Agriculture, and the United States Forest Service on his claim for adverse possession, and in favor of the United States on its counterclaim for record title. We affirm.

## Background

The property at issue in this case is an approximate ten-acre patented mining claim known as the Annie Hayford Lode Mining Claim (Hayford). It is located in the White River National Forest, about four miles south of Aspen, in Pitkin County, Colorado.

The undisputed, material facts concerning the Hayford began more than one

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The parties consented to the exercise of jurisdiction by a magistrate judge.

hundred years ago with a location certificate recorded in 1883, and the issuance

of a patent in 1892. Property taxes on the Hayford were last paid in 1937, and the

property was included on the 1938 delinquent tax list, which was published for

four weeks beginning in November 1938. Thereafter, the Hayford was offered at

a December 12, 1938 tax sale. Because there were no bidders, it was struck off to

Pitkin County through a treasurer's certificate of purchase.

On September 15, 1950, the Pitkin County Treasurer issued and posted a

Notice of Purchase of Real Estate at Tax Sale and of Application for Issuance of

Treasurer's Deed for the Hayford, and on November 20, 1950, a treasurer's deed

issued to the Pitkin County Board of County Commissioners.[2]

Plaintiff's chain of title began in March 1994, when one of his predecessors

in interest recorded a "wild deed,"[3] and later purported to convey an interest in

the Hayford to him by a general warranty deed, which was recorded on April 11,

1994. Approximately two weeks later, plaintiff tendered a tax payment, which

was refused.

In May 1994, Congress enacted the Exchange Act, Public Law No.

103-255, 108 Stat. 684 (1994), pursuant to which Pitkin County agreed to

---

[2]     Pitkin County continued to own the Hayford until 1994 when it was
conveyed to the United States. From 1950 through 1994, no property taxes were
assessed because county-owned property is tax exempt. Colo. Rev. Stat.
§ 39-3-105.

[3]     A "wild deed" is defined as "[a] recorded deed that is not in the chain of
title . . . ." *Black's Law Dictionary* 446 (8th ed. 2004).

exchange certain lands, including the Hayford, for a 230-acre parcel owned by the United States. As part of the exchange, the County conveyed the Hayford to the United States by a quit claim deed, which was recorded on August 17, 1994. Plaintiff filed his federal court quiet title action against the United States in November 2000.

In October 2002, the Pitkin County Treasurer issued a corrected treasurer's deed for the Hayford, which explained that the 1938 tax sale was held late due to inadequate staffing. To cure any cloud on the title, Pitkin County executed another quit claim deed to the United States on January 22, 2003.

Standard of Review

The Quiet Title Act permits lawsuits against the federal government "to adjudicate a disputed title to real property in which the United States claims an interest . . . ." 28 U.S.C. § 2409a(a). Although the parties' respective claims arise under a federal statute, questions involving real property rights are determined by state law unless federal law requires a different result. *Oregon ex rel. State Land Board v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 378-81 (1977); *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir. 1986); *Amoco Prod. Co. v. United States*, 619 F.2d 1383, 1389 n. 4 (10th Cir. 1980).

We review the district court's grant of summary judgment de novo, viewing the evidence and drawing the reasonable inferences therefrom in the light most favorable to the nonmoving party. *Gossett v. Okla. ex rel. Bd. of Regents for*

*Langston Univ.*, 245 F.3d 1172, 1175 (10th Cir. 2001). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 1175. When applying Colorado law, the district court should ascertain and apply the state law to reach the result the Colorado Supreme Court would reach if faced with the same question. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). We also review the district court's application of state law de novo. *Id.*

Discussion

Under Colorado law, "a plaintiff in a quiet title action . . . bears the burden of establishing title in the property superior to that of the defendant . . . [and] the plaintiff must rely on the strength of his own title rather than on the weakness in or lack of title in [the] defendant[]." *Hutson v. Agric. Ditch & Reservoir Co.*, 723 P.2d 736, 738 (Colo. 1986) (internal quotation omitted).

Plaintiff's theory is that he acquired title to the Hayford in April 2001 by adverse possession pursuant to Colo. Rev. Stat. § 38-41-109, and thus his title is superior to that of the United States, which did not obtain good title until 2004 when the district court entered its order for record title.

Although the Quiet Title Act permits lawsuits against the federal government to adjudicate disputed title to real property in which the United States claims an interest, it contains the prohibition that "[n]othing in this section shall be construed to permit suits against the United States based upon adverse

possession." 28 U.S.C. § 2409a(n). Plaintiff asserts that the prohibition does not apply if he or his predecessors in interest acquired title to the Hayford by adverse possession *before* the United States first claimed an interest[4] in the property in 1994. The district court disagreed, and held that the clear and unambiguous language of the statute barred any claims for adverse possession, regardless of when the claim may have accrued.

Assuming for argument that a plaintiff may base a quiet title claim on a claim of adverse possession that has ripened into title prior to the United States claiming an interest in the property, there are no facts in this case to support such a claim. Admittedly, the district court did not reach this conclusion in its decision because it found that plaintiff's adverse possession claim was barred. Nonetheless, we may "affirm a grant of summary judgment on grounds other than those relied on by the district court when the record contains an adequate and independent basis for that result." *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (quotation marks and citation omitted).

A claim of adverse possession pursuant to Colo. Rev. Stat. § 38-41-109

---

[4]    Plaintiff argues alternatively that the prohibition does not apply until the United States obtains good title to the property. This is contrary to our prior cases interpreting the Quiet Title Act and the requirement that the United States need only claim an interest in the property to trigger the Act's limitation provision. *Knapp v. United States*, 636 F.2d 279, 282 (10th Cir. 1980); *Stubbs v. United States*, 620 F.2d 775, 781 (10th Cir. 1980).

requires, among other things, the payment of all taxes legally assessed for seven successive years, under color of title made in good faith. Our consideration of this claim begins and ends with plaintiff's admission that he has never paid taxes on the Hayford. Aplt. App., Vol. IV at 338. We also disagree with his argument that his one-time attempt to pay taxes complies with the statute, because it requires the payments of all legally assessed taxes. *See Eberville v. Leadville Tunneling Mining & Drainage Co.*, 28 Colo. 241, 243, 64 P. 200, 201 (1901). Similarly, plaintiff did not obtain color of title until April 1994, which means that he could not have adversely possessed the property until April 2001, which is nearly six years after the United States first claimed its interest in August 1994. *See Fallon v. Davidson*, 320 P.2d 976, 979 (Colo. 1958) (holding that the seven-year statutory period does not begin to run until the deed upon which a party in possession claims gives him color of title has been recorded).

Here, the undisputed material facts established that the United States, which can trace its chain of title back to the location certificate recorded in 1883, has superior record title to the Hayford over plaintiff, who claims his title through a non-existent claim of adverse possession.

Conclusion

Based on the foregoing undisputed material facts, the district court correctly found that the United States was entitled to summary judgment on plaintiff's claim for adverse possession. The court also correctly entered

summary judgment in favor of the United States on its counterclaim for record

title to the Hayford.  The judgment of the district court is AFFIRMED.


Entered for the Court


Wade Brorby
Circuit Judge