KANEFF, APPELLEE, *v.* GANTZ, APPELLANT.

(No. 233—Decided January 11, 1957.)

*Messrs. Riggs & Piper,* for appellee.
*Messrs. Erb, Metcalf & Thomas,* for appellant.

GILLEN, J. Plaintiff instituted this action in the Court of Common Pleas of Washington County to recover the amount paid defendant in excess of the statutory fee allowed for taking certain depositions.

The petition alleges, in substance, that defendant, the official court stenographer of the Court of Common Pleas of Washington County, was employed to take nine depositions which were to be used in connection with certain litigation then pending. One of plaintiff's attorneys, Robert L. Hausser, made the arrangement with defendant to take the depositions. The number of words contained in the nine depositions is 100,222, for which defendant made a charge of $606.10. Attorney Haus-

ser paid defendant the sum of $606.10 and was later reimbursed by plaintiff. The petition alleges further that the amount defendant was entitled to charge for her services pursuant to the provisions of Section 2319.27, Revised Code, was $100.58, and that plaintiff made demand upon defendant for reimbursement to him of the excess portion of the fee but that she refused to comply with the demand.

The answer filed by defendant admits certain allegations of the petition and denies all others. By way of defense, the answer avers that defendant performed the services under an express contract and that the amount charged for such services was reasonable and in accord with the prevailing custom or practice. The issues were submitted to a jury resulting in a verdict for plaintiff in the sum of $454.94, and judgment was entered thereon. An appeal on questions of law has been perfected.

The record discloses that at the time attorney Hausser requested defendant to take the depositions the matter of compensation was not mentioned except the statement made by defendant that she would expect her pay when the depositions were delivered. The charge made by defendant for her services was at the rate of $15 per day for attendance in official capacity and reporting, $.70 per page for original copies made, and $.35 per page for additional copies. She estimated the number of words on each page to be approximately 200. The total charge made by her for the nine depositions was $606.10 and she was paid that amount.

Section 2319.10, Revised Code, provides:

"Depositions may be taken in this state before a judge or the clerk of the Supreme Court, a judge or clerk of the Court of Appeals, a judge or clerk of the Court of Common Pleas, a probate judge, justice of the peace, notary public, mayor, master commissioner, official stenographer of any court in this state, or any person empowered by a special commission."

In 17 Ohio Jurisprudence (2d), 263, Section 20, it is said:

"The officers or persons before whom depositions may be taken, both within and without the state, are designated by statutes which, as a general rule, are strictly construed in this respect."

Defendant's authority to take the depositions was derived solely from the provisions of Section 2319.10, Revised Code, and could not be based upon an independent contract or agreement entered into with attorney Hausser. Any agreement or understanding entered into by and between defendant and attorney Hausser must of necessity take into consideration all existing statutes relating to the subject matter of such agreement.

"Valid, applicable statutory provisions are part of every contract. A valid statute regulating contracts is by its own force read into and made a part of such contracts." 11 Ohio Jurisprudence (2d), 411, Section 163.

Section 2319.18, Revised Code, provides:

"A deposition must be written in the presence of the officer before whom it is taken either by the officer, the witness, or some disinterested person, and subscribed by the witness."

This statute outlines in detail the procedure to be followed in taking the deposition. It says that the deposition must be written in the presence of the officer either by the officer, the witness, or some disinterested person. The schedule of fees allowed for taking depositions is set forth in Section 2319.27, Revised Code, as follows:

"* * * Swearing each witness, four cents; for each subpoena, attachment, or order of commitment, fifty cents; for each hundred words contained in the deposition and certificate, ten cents.

"The officer may retain the deposition until such fees are paid. * * *"

When defendant accepted employment to take the nine depositions in question, she did so subject to the provisions of Sections 2319.18 and 2319.27, Revised Code. It is the claim of defendant that her services were performed in a dual capacity, one as officer taking the deposition and the other as reporter taking the testimony in shorthand and later transcribing her notes, and that the contract she entered into with attorney Hausser called for the performance of this double duty. We find no provisions in the statutes relating to the taking of depositions authorizing a person to act in such dual capacity. When de-

fendant accepted employment to take the depositions, her duties were fixed by the provisions of Section 2319.18, Revised Code, and the amount of her compensation was governed by the provisions of Section 2319.27, Revised Code. In rendering her bill for her services, she entirely ignored the provisions of the fee schedule provided by statute. She claims that she made the charge in accord with the usual practice or custom in similar cases. It is said in 55 American Jurisprudence, 279, Section 17:

"Whenever there is a conflict between a custom or usage and a statutory regulation, the statutory provision must control. The statutory powers of a public officer cannot be enlarged by usage or custom, nor can a custom which contravenes a positive statute become a part of a contract."

In taking the depositions defendant acted in an official capacity and she was required not only to perform the service in the manner prescribed by statute, but also to charge for her service the statutory fee. Section 2319.18, Revised Code, *supra*, provides that the deposition may be written either by the officer before whom it is taken, the witness, or a disinterested person. In the instant case, defendant acted as the officer and also did the writing of the deposition. The fact that she was a court stenographer and capable of taking the testimony in shorthand, and later transcribing it, does not alter the situation. The statute provides only one fee for the performance of this work.

At the time she received payment, the number of words contained in the depositions had not been ascertained. When it was learned, at a later date, that her charge was in excess of the statutory allowance, demand was made for payment of the overcharge. Under such circumstances, it can not be said that payment had been voluntarily made.

It is said in 14 Ohio Jurisprudence (2d), 65, Section 74:

"If improper items have been included in the costs taxed, a retaxation may be ordered, and a party against whom excessive costs are taxed by an officer may resist payment and have the taxation reviewed by the court, or he may pay and have the taxation reviewed and corrected afterwards."

We have carefully examined the entire record and have considered each assignment of error. We find no error prej-

udicial to the interest of defendant in the trial of this cause. The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*

McCURDY, P. J., and COLLIER, J., concur.