JACK SCHUMACHER, APPELLANT, v. THE STATE OF NEVADA ON RELATION OF THOMAS FURLONG, RESPONDENT.

No. 4474

April 3, 1962                    370 P.2d 209

*Springmeyer, Thompson & Dixon,* and *Robert A. Groves,* of Reno, for Appellant.

*John Tom Ross,* District Attorney, and *Theodore H. Stokes,* Deputy District Attorney, Ormsby County, for Respondent.

**OPINION**

By the Court, McNamee, J.:

Respondent filed a proceeding in the lower court for the removal of appellant from the office of Assessor of Ormsby County pursuant to NRS 283.440. It is

alleged in the amended complaint that appellant on January 7, 1959 was appointed to the office of Assessor of Ormsby County; that on November 8, 1960 he was elected to said office; that from and after January 7, 1959 defendant has held said office.

The amended complaint consists of ten counts. We are interested only in Counts 2, 3, 4, 5, 6, and 8 as the others were disposed of in favor of the appellant prior to this appeal.

*Count 2* alleges that appellant, between July 1 and December 31 of each of his years in office, has refused or neglected to determine full cash value of all real and personal property in Ormsby County which is subject to taxation in that the average rate of assessment to market value in the county exclusive of Carson City is 19 percent and for Carson City is 25 percent.

*Count 3* alleges that between July 1 and December 31 of each of his years in office, appellant has refused or neglected to list and assess all real and personal property located in Ormsby County to the parties owning the same, because of lack of knowledge thereof due to insufficient records and office systems.

*Count 4* alleges that appellant has refused or neglected to assess all of the real and personal property located in Ormsby County subject to taxation.

*Count 5* alleges that between July 1 and December 31 of each of his years in office, appellant has refused or neglected to assess real property subject to taxation located in Ormsby County on the assessment roll equally and uniformly in that the average ratio of assessed value to market value was 25 percent in Carson City and 19 percent in the remainder of the county; that property located in Section 5 directly north of Carson City is assessed at $250 to $500 per acre while property adjoining the city to the west is assessed as low as $2 per acre.

*Count 6* alleges that appellant refused or neglected to demand from each person or firm, etc., a statement of all real and personal property within the county owned or claimed by such persons, etc.

*Count 8* alleges that on or before the 1st day of January of each of his years in office, appellant has

refused or neglected to prepare a printed list of all of the taxpayers in the county and a total valuation of property on which they severally pay taxes, and that he has failed to post and publish notice of completion of the tax roll as required by law.

The trial court entered judgment that Counts 2, 3, 4, 5, 6, and 8 were sustained by the evidence and ordered appellant removed from the office of County Assessor. Appeal is from that judgment.

Appellant assigns the following errors:

1. Counts 2, 3, 4, 5, 6, and 8 do not constitute cause for removal.

2. Error in admitting evidence that household goods were assessed by appellant at 10 percent of the assessed value of the real property improvements.

3. Error in refusing to admit or consider evidence of established customs, practices, and procedures of assessors throughout the State of Nevada in relation to the charges.

4. Error in refusing to admit or consider evidence that the omissions of appellant were with the prior knowledge and approval of the Ormsby County Board of Equalization, the Ormsby County District Attorney, and the Nevada Tax Commission.

5. Error in refusing to admit or consider evidence of good faith or lack of culpability on the part of appellant.

The Nevada Constitution, art. 7, sec. 4, empowers the Legislature to make provision for the removal from office of a civil officer for malfeasance or nonfeasance in the performance of his duties. Pursuant to such authority, NRS 283.440 was passed which provides for the removal of an office holder "who shall refuse or neglect to perform any official act in the manner and form prescribed by law, or who shall be guilty of any malpractice or malfeasance in office."

It is to be noted that neither the Nevada Constitution nor said statute makes misfeasance a ground for removal.

The case of Buckingham v. District Court, 60 Nev. 129, 102 P.2d 632, in construing this act distinguishes

malfeasance from nonfeasance. In that case this court assumed that malpractice and malfeasance were synonymous and held that the charges against Buckingham were acts of omission rather than commission; that the two were distinct under the statute; that conduct invoking one charge is not sufficient to justify the other; and that the particular acts of omission were not required of Buckingham as part of his duties as county treasurer and, thus, Buckingham did not refuse or neglect to perform any official act in the manner and form prescribed by law.

The first assignment of error necessitates consideration of whether Counts 2, 3, 4, 5, 6, and 8 are grounds for removal as being nonfeasance under the statute. We are not concerned with the question of whether appellant's conduct constituted malfeasance.

Nonfeasance is the substantial failure to perform a required legal duty. Misfeasance is the doing in a wrongful manner of that which the law authorizes or requires him to do. White v. Lowry, 162 Miss. 751, 139 So. 874; State v. Barnett, 60 Okl.Cr. 355, 69 P.2d 77.

In Moulton v. Scully, 111 Me. 428, 434, 89 A. 944, 947, nonfeasance is defined as "an omission to perform a required duty at all, or a total neglect of a duty; the omission of an act which a person ought to do."

Similar definitions are found in State v. State Civil Service Commission, 147 Ohio 430, 72 N.E.2d 69, and in State ex rel. Hardie v. Coleman, 115 Fla. 119, 155 So. 129, 92 A.L.R. 988; State v. Miller, 32 Wash.2d 149, 201 P.2d 136.

As to Count 2 above: All property subject to taxation is required by statute to be assessed at its full cash value (NRS 361.225). A determination by an assessor of the full cash value of real and personal property therefore is necessary before a proper assessment can be made, and such a determination is expressly required by statute. Subsection 1 of NRS 361.260. Failure in this regard is a failure to perform a statutory duty,

and constitutes nonfeasance under the authorities above cited. The added allegation in this count "that the average rate of assessment to market value in the county exclusive of Carson City is 19% and for Carson City is 25%" is surplusage. If appellant had assessed on the basis of a percentage of the full cash value such conduct would constitute misfeasance and would not be a ground for removal under the statute.

The failure to list and assess all real and personal property subject to taxation as specified in Counts 3 and 4 is in violation of statute (NRS 361.225), and the failure to demand the statements as specified in Count 6 is also in violation of statute (subsection 1 of NRS 361.265). These likewise are clearly acts of omission constituting nonfeasance under the cited authorities.

The fact that appellant has had insufficient records which would prevent him from performing his duties is a result of his own fault. He has had the period since January 7, 1959 within which to obtain the necessary records.

As to Counts 5 and 8, his failure to assess equally and uniformly and his failure to prepare on time the printed list of taxpayers, etc., within the prescribed time are acts of misfeasance rather than nonfeasance.

Appellant's first assignment of error as to Counts 2, 3, 4, and 6 is without merit. His objections to Counts 5 and 8 are well taken because, as aforesaid, these counts pertain to misfeasance and therefore will be disregarded. None of the assignments of error goes to the sufficiency of the evidence to support these charges of nonfeasance. We have however examined the record and appellant's testimony in itself would support such charges.

The entire thesis of appellant's defense consists of his assertion (1) that he was only doing what other assessors are doing, (2) that he failed to do the duties required by statute of him as assessor because of lack of proper tools in his office, i.e., adequate maps and plats

with which to accomplish proper assessments, and (3) lack of knowledge of some of his statutory duties.

The following testimony of appellant shows that he knew the maps in his office were deficient:

"(Q.) What was inaccurate about the maps of the county or insufficient?

"A. Many things.

"Q. Well, will you just state to the Court, please?

"A. Well, we have a county plat and I can produce it, with quite a number of the pages—where the entire sections are missing.

"Q. Now when did you first discover this?

"A. When I first went into office.

"Q. That was in 1959?

"A. Right.

"Q. And up until August 1st of this year [1961] the same had not been corrected; is that correct?

"A. That is correct.

\* \* \* \* \*

"(Q.) Are you familiar with the duty, Mr. Schumacher, of the County Assessor to ascertain by diligent inquiry and examination all of the real and personal property in the County of Ormsby subject to taxation?

"A. Yes.

\* \* \* \* \*

"(Q.) Mr. Schumacher, have you assessed all of the real and personal property located in Ormsby County subject to taxation?

"A. To the best of my ability, yes.

\* \* \* \* \*

"(Q.) This ability or this assessment was done by you with the full knowledge of inadequate records; is that correct?

"A. Yes.

"Q. Now, Mr. Schumacher, have you assessed all of the real property located in Ormsby County, Nevada subject to taxation on the assessment roll equally and uniformly?

"A. Again, to the best of my ability as far as was possible with the equipment that was in the office. When

I am talking about equipment I am talking about plat maps."

With respect to Count 6, appellant testified as follows:

"Q. And do you send out any such statements to get the statements under oath or affirmation as to real property owned or claimed in the county?

"A. No.

"Q. And has that ever been done in your term of office?

"A. Never been done to my knowledge in the office.

"Q. Are you doing it this year?

"A. No.

"Q. Do you have knowledge that this is a requirement by the statute?

"A. No."

None of appellant's assertions constitutes a legal justification for appellant's admitted omissions. "The assessor cannot be excused when his failure to follow the statutes is due entirely to his own carelessness, for he, with others, is charged with knowledge of the facts disclosed by the record in his county." Reagan v. Dick, 88 Colo. 122, 293 P. 333.

The second assignment of error consists of admitting evidence that household goods were assessed by appellant at 10 percent of the assessed value of the real property improvements. This evidence could be relevant only to a charge of misfeasance and was introduced to support the allegations contained in Count 5. Inasmuch as we have disregarded Count 5, further consideration of this assignment is unnecessary.

As to specification 3, whatever the rule might be with respect to a charge of malfeasance, it was not error to refuse to admit evidence of established customs, practices, and procedures of assessors in connection with charges of nonfeasance, when such are in conflict with statutory provisions. See: Brown v. Wyoming Butane Gas Co., 66 Wyo. 67, 205 P.2d 116; Kaneff v. Gantz, 102 Ohio App. 363, 143 N.E.2d 630. In 55 Am.Jur., Usages

and Customs, sec. 14, p. 276 (1946), it is said: "Local usages, for example, cannot contravene the settled principles of law, nor can evidence be received of local customs which are contrary to established principles of law." See also 55 Am.Jur., Usages and Customs, sec. 17 (1946). For the same reason, specifications 4 and 5 are without merit.

Appellant contends that evidence was received pertaining to acts of omission which occurred prior to January 1, 1961 and while he was serving a former term of office. This evidence results from appellant's own testimony and is relevant to show appellant's intent to continue the nonperformance of such duties. In any event appellant also testified that the same acts of omission continued after January 1, 1961 and during his current term.

The nonfeasance alleged in Counts 2, 3, 4, and 6, each specifying an omission to perform a statutory duty, and each having been proven by substantial evidence, is legally sufficient to support the lower court's judgment ordering appellant's removal from office.

Affirmed.

BADT, C. J., and BREEN, D. J., concur.

THOMPSON, J., being disqualified, the Governor designated Honorable Peter Breen, Judge of the Fifth Judicial District, to sit in his stead.