STATE OF NEVADA, Plaintiff,

v.

Yvonne CULVERWELL, Commissioner, Lincoln County Board of Commissioners, et al., Defendants.

No. CV–S–95–308–DWH.

United States District Court,
D. Nevada.

June 22, 1995.

Harry W. Swainston, Reno, NV, for plaintiff.

Joseph W. Brown, Kirk B. Lenhard, Gary T. Foremaster, Karl L. Nielson, Las Vegas, NV, for defendants.

## ORDER OF REMAND

HAGEN, District Judge.

The State of Nevada sued defendants in State court pursuant to NRS 283.440 (# 1B). Defendants removed to this court, citing 28

U.S.C. §§ 1441 and 1443 as bases for removal (# 1). The State moved to remand pursuant to 28 U.S.C. § 1447 (# 1).

## FACTUAL ALLEGATIONS

The State's complaint is styled a "complaint for removal from office pursuant to the procedure set forth in Nevada Revised Statutes (NRS) 283.440." Compl. at 1. It alleges, *inter alia,* the following:

> Two defendants are elected commissioners of Lincoln County, Nevada. One defendant is the mayor of the City of Caliente, in Lincoln County, and the remaining four defendants are elected members of the Caliente City Council. ¶ 1.

> Since 1983, Nevada has been under consideration as a possible site for a high-level radioactive waste and spent nuclear fuel storage and disposal facility. In 1989, the Nevada legislature and executive branch expressed the State's opposition to such a facility by enacting Assembly Joint Resolution (AJR) 4 and AJR 6 in 1989. ¶ 3. Later that year, the legislature enacted Assembly Bill (AB) 222, now codified as NRS 459.910, which makes it unlawful to store high-level radioactive waste in Nevada. ¶ 4. Since that time, the legislature and executive branch have continued to express their opposition to a high-level radioactive waste facility through public commentary and correspondence with the federal government. ¶ 5.

> Pursuant to the Nuclear Waste Policy Act (NWPA), 42 U.S.C. §§ 10101 *et seq.,* the State has conducted studies of the proposed use of Yucca Mountain in Nye County as a site for the facility, and has concluded that perceptions of risk and stigmatization associated with the facility would jeopardize the State's socioeconomic well-being. ¶ 6.

> In January of 1995, the Caliente City Council published a report called "A Citizen's Guide to Recommendations for Maximizing Benefits and Minimizing Risks Associated with State and Industry Proposals to Amend the Nuclear Waste Policy Act." ¶ 7. In February of 1995, defendants enacted Joint Resolution No. 2–95, which "portrayed Lincoln County as a willing host for an interim spent fuel storage facility in exchange for the payment of millions of dollars by the Department of Energy to Lincoln County and the City of Caliente and certain other economic benefits," ¶ 8, and was an "invitation" to the federal government to build the facility in Lincoln County. ¶ 9. Congress has taken certain steps since that time to "qualify Lincoln County as a willing host for an interim storage facility." ¶ 10.

> And that the above actions by defendants will cause irreparable harm to the public health, trade, and commerce; are conspiratorial; violate the public policy of Nevada and are wrongful *per se* and thus constitute malfeasance of office; deprive others of their right to a representative voice in the decision to site the facility; and entitle the State to an order removing defendants from office. ¶s 11–16.

## ANALYSIS

■ A federal court's removal jurisdiction derives solely from Congressional authorization, and the removal statutes are construed strictly against removal. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992). Accordingly, "the defendant always bears the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### I. Removal under § 1441

■ Defendants invoke §§ 1441(a) and (b) as a basis for removal jurisdiction. Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Id.* § 1441(b). Because all defendants in this action are residents of the State of Nevada, the action is removable only if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Id.* Under the well-pleaded complaint rule, "removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if 'a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action.'" *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir.1984) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)), *cert. denied*, 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985).

■ The State's complaint asserts only one cause of action—for removal from office pursuant to NRS 283.440. As the Nevada Supreme Court has explained,

The Nevada Constitution art. 7, sec. 4, empowers the Legislature to make provision for the removal from office of a civil officer for malfeasance or nonfeasance in the performance of his duties. Pursuant to such authority, NRS 283.440 was passed which provides for the removal of an office holder "who shall refuse or neglect to perform any official act in the manner and form prescribed by law, or who shall be guilty of any malpractice or malfeasance in office."

*Schumacher v. State ex rel. Furlong*, 78 Nev. 167, 370 P.2d 209, 210–11 (1962). The theory of the complaint is that defendants' enactment of Joint Resolution No. 2–95 was a conspiratorial act "intended to qualify Lincoln County as a willing host for an interim

storage facility" of spent nuclear fuel, which contravened Nevada's public policy and hence constituted malfeasance of office. Compl. ¶ 10. As such, no federal right or immunity constitutes an element of the State's cause of action. "Thus, under the well-pleaded complaint rule, the Attorney General could not have brought the complaint in federal court." *California v. Keating*, 986 F.2d 346, 347 (9th Cir.1993).

■ Nor is the State's action converted into a federal cause of action merely because the complaint refers incidentally to federal law. As the Ninth Circuit has stated:

Under *Franchise Tax [Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)]*, original federal question jurisdiction is unavailable where the cause of action is a creature of state law, unless it appears: (1) that the federal issue constitutes a necessary element of a well-pleaded state law claim for coercive relief brought to resolve the matter in dispute; (2) that the federal issue is substantial; and (3) that the federal issue is in dispute between the parties.

*Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 539 (9th Cir.1985) (citations and quotation marks omitted). Although the complaint describes actions taken by the State and defendants in relation to the NWPA, *e.g.*, ¶s 3, 6–10, defendants have not shown that any issue under the NWPA is a necessary element of the State's action under NRS 283.440 or that there is any genuine dispute regarding the NWPA.

■ Rather, defendants appear to argue that the NWPA somehow preempts or provides a defense against the State's action. Defendants aver to the following provision of the NWPA: "State and public participation in the planning and development of repositories is essential in order to promote public confidence in the safety of disposal of [radioactive] waste and spent [nuclear] fuel." Opp'n Mot. Remand at 15 (citing 42 U.S.C. § 10131(a)(6)). However, this argument is without force, for this court may not consider defenses in determining federal question jurisdiction. As the Supreme Court has observed, "For better or worse, ... a defendant may not remove a case to federal court

unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax,* 463 U.S. at 10, 103 S.Ct. at 2847. Further, "[b]y unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Gully,* 299 U.S. at 116, 57 S.Ct. at 99. As the Ninth Circuit has recently explained, "[N]either an affirmative defense based on federal law ... nor one based on federal preemption ... renders an action brought in state court removable." *Berg v. Leason,* 32 F.3d 422, 426 (9th Cir. 1994). Hence, even if the NWPA proves to shield defendants from the State's action, this court lacks jurisdiction.

For the same reasons, defendants' invocation of the First and Fourteenth Amendments fails to confer federal jurisdiction. To persuade the court otherwise, however, defendants discuss at length *Board of County Commissioners v. Shroyer,* 662 F.Supp. 1542, 1545 (D.Colo.1987), in which the court found it had removal jurisdiction over a declaratory relief action originally filed in State court because the complaint was "infected with First Amendment violations." Whether or not the instant complaint is similarly "infected with First Amendment violations," the court is not persuaded by *Shroyer.* Rather, the court takes heed of the Ninth Circuit's recent statement: "[S]tate courts directly decide issues of federal law, yet their capacity to do so is inherently a part of the well-pleaded complaint rule." *Berg,* 32 F.3d at 426. The State court is bound and is competent to hear defendants' First Amendment issues. As those issues arise in defense to the State's action rather than as elements of it, the action is nonremovable under § 1441.

■ Nevertheless, defendants argue the action is removable because it could have been brought originally in federal court as an action under 42 U.S.C. § 1983. According to defendants, the State's complaint essentially alleges that they, while "acting under color of law, have deprived citizens of protected civil rights and, as a consequence, should forfeit their elected offices." Opp'n Mot. Remand at 9. Defendants cite ¶ 13 of the complaint, which alleges they "deprived the residents of

other affected local governments in Nevada of a representative voice in the decision to site a nuclear waste facility in regional proximity to their homes and business." *Id.* The State's failure to explicitly plead a claim under § 1983 is thus, according to defendants, a case of "artful pleading."

■ Defendants' argument is without merit. The artful pleading doctrine is indeed a limitation on the well-pleaded complaint rule in removal cases, because a claim that is "'really' one of federal law" will provide the basis for federal removal jurisdiction under § 1441. *Franchise Tax,* 463 U.S. at 13, 103 S.Ct. at 2848. The doctrine "allows the removing court to look at the true nature of the plaintiff's complaint when the plaintiff has attempted to avoid a federal cause of action by relying solely on state law in the complaint." *Garibaldi,* 726 F.2d at 1370. However, such an analysis here does not reveal artful pleading by the State. Whether or not the State's action has any merit, it is exactly what it says it is—an action to remove defendants from public office for allegedly acting in defiance of Nevada's policy against the establishment of a storage facility for high-level radioactive waste in the state. The complaint does refer to the right of the state and neighboring localities to a "representative voice" in the siting of a nuclear waste facility. ¶s 11 and 13. Nevertheless, the gravamen of the complaint is that defendants' enactment of Joint Resolution No. 2–95 "violated the policy of the State of Nevada as set forth in AJR 4 and AJR 6 of the 1989 legislature and Nevada law prohibiting the storage of high level radioactive waste as set forth in NRS 459.910 by their approval of a resolution inviting the Federal Government to enter the State of Nevada for the purpose of establishing a storage facility for high-level radioactive waste in Lincoln County." Compl. ¶ 14.

Moreover, the mere possibility that the State could have brought a claim under § 1983 is of no moment. "The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action." *Garibaldi,* 726 F.2d at 1370. Thus, even if the State could state a claim under

§ 1983 for the same conduct that is the subject of the instant suit, an election not to would provide no basis for removal.

## II. Removal under § 1443

 Section 1443 provides for removal of civil actions or criminal prosecutions commenced in State court

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. As the Ninth Circuit observed, "The Supreme Court ... has given section 1443 a restrictive interpretation." *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir.1970) (*per curiam* ), *cert. denied,* 402 U.S. 909, 91 S.Ct. 1381, 28 L.Ed.2d 649 (1971). Specifically,

[a]ll petitions for removal must satisfy two criteria: First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.... Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Id.* The basis for this statement is found in *Georgia v. Rachel,* 384 U.S. 780, 791, 86 S.Ct. 1783, 1789, 16 L.Ed.2d 925 (1966): "[T]he model for the phrase 'any law providing for ... equal civil rights' ... was the Civil Rights Act of 1866 ... [by which] Congress intended to protect a limited category of rights, specifically defined in terms of racial equality."

Defendants' removal petition alleges merely that "[t]he State court action ... will adjudicate the defendants' rights granted pursuant to the First Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution, the Nuclear Waste Policy Act (42 U.S.C. § 10101 *et seq.*), and 42 U.S.C. § 1983." Removal Petition ¶ 2. Such allegations plainly fall far short of the requirements for removal under § 1443. Moreover, defendants' opposition to the motion to remand reveals no grounds for asserting any "rights that are given to them by explicit statutory enactment protecting equal racial civil rights," nor that the State court is proscribed from enforcing any such rights by statutory or constitutional mandate. The removal from office statute, NRS 283.440, contains no such directive. Further, inasmuch as "the rights that [defendants] assert spring, not from specific statutory grants, but from the broad protections of the First and Fourteenth Amendments[ ], ... [s]uch rights are not within the coverage of section 1443." Nor is the Nuclear Waste Policy Act a "statutory enactment protecting equal racial civil rights." Finally, as discussed above, defendants invoke 42 U.S.C. § 1983 not for the proposition that the State's action infringes their rights under that statute, but rather that the State's action should properly be characterized as an action under it. Thus, it too provides no basis for removal under § 1443. In short, the action is not removable under § 1443.

For the foregoing reasons, defendants have not shown that this court has subject matter jurisdiction and thus that removal of the State's action was proper. Therefore, under 28 U.S.C. § 1447(c), the court must remand this action to State court.

Accordingly, **IT IS HEREBY ORDERED** that the plaintiff's complaint is **REMANDED** to the Seventh Judicial District Court of the State of Nevada in and for the County of Lincoln for determination.